1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHEN J. PAVLINA,<br><br>          Plaintiff,<br><br>     v.<br><br>SAFECO INSURANCE COMPANY OF<br>AMERICA,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 12-CV-534-LHK<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR JUDGMENT ON THE<br>PLEADINGS |

On January 8, 2008, Plaintiff Stephen J. Pavlina, Jr. ("the Plaintiff") crashed his 2002 Porsche 911 Turbo GT2 ("the Vehicle") into a lamppost.  On January 5, 2012, the Plaintiff filed suit against his automobile insurance provider Defendant Safeco Insurance Company of America ("the Defendant") to recover the alleged actual cash value of the Vehicle prior to the crash: $115,416.00.  The Defendant removed the case to federal court on February 1, 2012.  *See* Dkt. No. 1.  On July 26, 2012, the Defendant filed a motion for judgment on the pleadings, or in the alternative to compel appraisal and stay the case.  *See* Dkt. No. 18 (Mot.)  The Plaintiff filed his Opposition on August 9, 2012 (*see* Dkt. No. 21 (Op.)), and the Defendant replied on August 16, 2012 (*see* Dkt. No. 22 (Reply)).  Pursuant to Civil Local Rule 7-1(b), the Court finds the Defendant's motion appropriate for determination without oral argument.  Accordingly, the November 8, 2012 hearing is vacated.  The case schedule remains as set on August 22, 2012.  The case management conference is continued from November 8, 2012, to February 13, 2012, at 1:30

1

p.m.  The Court GRANTS the Defendant's motion for judgment on the pleadings for the reasons discussed below.  The Court GRANTS the Plaintiff leave to amend within 21 days of the date of this Order.

## I.      BACKGROUND FACTS

### A.      Allegations of the Complaint

The Plaintiff entered into a written contract ("the Insurance Policy") with the Defendant to insure the Vehicle.  Compl. ¶ 7.  In or about January of 2008, the Plaintiff crashed the Vehicle into a lamppost at the intersection of East El Camino Real and North Wolfe Road in Sunnyvale, CA. *Id*. ¶ 8.  The collision resulted in a total loss.  *Id.*  On or about January 8, 2008, the Plaintiff tendered a claim to the Defendant for the total loss of the Vehicle.  *Id.* ¶ 9.

At an unspecified time after the collision, the Plaintiff retained a certified appraiser who appraised the actual cash value of the Vehicle, prior to the collision, at $115,416.00.  Compl. ¶ 9.

The Complaint alleges that on or about February 28, 2008, the Defendant offered the Plaintiff less than the $115,416.00 actual cash value of the Vehicle.  Compl. ¶ 10.  The Complaint also alleges that the Defendant continues refusing to pay the Plaintiff the actual cash value of the Vehicle, as required under the terms and conditions of the Insurance Policy.  *Id.*  The Complaint does not allege the specific reasons that the Defendant offered the Plaintiff less than $115,416.00. However, the Complaint does allege that the "Plaintiff has performed all the acts, services, and conditions required by the Insurance Policy to be performed on [the Plaintiff's] part."  *Id.* ¶ 11.

### B.      Causes of Action

The Complaint brings two causes of action (1) breach of contract (*id.* ¶ 12); and (2) breach of the implied covenant of good faith and fair dealing (*id.* ¶ 20).  Both causes of action arise from the Defendant's offer of less than $115,416.00 for the loss the Vehicle.  *See id.* ¶ 12 ("[The Defendant's] refusal to compensate [the Plaintiff] for the actual cash value of the Vehicle [$115,416.00] constitutes a breach of the Insurance Policy."); *id.* ¶ 20 ("By refusing and continuing to refuse to pay [the Plaintiff] the actual cash value of the Vehicle prior to the collision, [the Defendant] unfairly interfered with the right of [the Plaintiff] to receive the benefits of the

1   Insurance Policy.  In so doing, [the Defendant] violated the convenant implied in the Insurance

2   Policy to act fairly and in good faith.").  The Plaintiff alleges damages of $115,416.00, plus interest

3   and attorney's fees and costs.  *Id.* ¶¶ 13, 21.

4       **C.      Request for Judicial Notice**

5           The Defendant requests that the Court take judicial notice of: (1) the Insurance Policy; and

6   (2) a June 4, 2008 letter from the Defendant to the Plaintiff offering an insurance payment of less

7   than $115,416.  *See* Dkt. No. 19.  A court may take judicial notice of documents not attached to a

8   complaint when "the plaintiff's claim depends on the contents of a document, the defendant

9   attaches the document to its motion . . . , and the parties do not dispute the authenticity of the

10  document . . ."  *Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005) (citations and quotations

11  omitted).

12          Here, the Plaintiff's claims depend upon the contents of the Insurance Policy that the

13  Defendant allegedly breached, and upon the contents of the June 4, 2008 letter offering to pay the

14  Plaintiff less than $115,416.  Furthermore, the Defendant has attached the Insurance Policy and the

15  June 4, 2008 letter to the Defendants' motion for judgment on the pleadings, and the Plaintiff does

16  not dispute the authenticity of these documents.  Accordingly, the Court "take[s] into account" the

17  Insurance Policy and June 4, 2008 letter as though they were incorporated into the complaint.  *Id.*

18  "In doing so, [the court] deviate[s] from the general rule that courts, when ruling on a motion to

19  dismiss, must disregard facts that are not alleged on the face of the complaint or contained in

20  documents attached to the complaint."  *Id.  See also Enger v. Allstate Ins. Co.*, 682 F.Supp.2d

21  1094, 1096 (E.D. Cal., 2009) (taking judicial notice of an insurance policy and a letter from the

22  insurer to the insured).

23          The Insurance Policy provides:

24  APPRAISAL

25          A.  If we and you do not agree on the amount of loss, either may demand an
                appraisal of the loss.  In this event, each party will select a competent appraiser.
                The two appraisers will select an umpire.  The appraisers will state separately
26              the actual cash value and the amount of loss.  If they fail to agree, they will
                submit their differences to the umpire.  A decision agreed to by any two will be
27              binding.  Each party will:
                    (1) Pay its chosen appraiser; and

28
Case No.: 12-CV-534-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

(2) Bear the expenses of the appraisal and umpire equally.
  B.  We do not waive any of our rights under this policy by agreeing to an appraisal.
                                    ***
  LEGAL ACTION AGAINST US
    A.  No legal action may be brought against us until there has been full compliance
        with all the terms of this policy. . . .

*See* McCurdy Decl. in Support of the Defendant's Motion for Judgment on the Pleadings

(McCurdy Decl), Ex. 1 at 38 (appraisal provision); Ex. 1 at 40 (legal action provision).

The June 4, 2008 letter offered the Plaintiff $53,820.63.  The letter gives two reasons for

offering less than the $115,416 actual cash value calculated by the Plaintiff's appraiser.  *See*

McCurdy Decl, Ex. 2.  First, the Defendant based its offer on the actual cash value calculated by

the Defendant's appraiser.  *See id.*  The June 4, 2008 letter explains that the Plaintiff had not

submitted the Plaintiff's appraisal report, as required by the Insurance Policy's appraisal provision.

*See id.*  The Plaintiff admits that the Plaintiff did not provide his appraisers' report until after this

action was filed.  *See* McCurdy Decl, Ex. 3 at 3 (the Plaintiff's Responses to the Defendant's

Requests for Admissions, or "Resp to RFA").  Second, the Defendant calculated its offer by

subtracting the salvage value of the Vehicle from the actual cash value of the Vehicle prior to the

crash.  *See* McCurdy Decl, Ex. 2.  The June 4, 2008 letter explains that the Defendant deducted the

salvage value of the Vehicle because the Plaintiff chose to retain title to the Vehicle.  The Plaintiff

admits that the Plaintiff retained title to the Vehicle.   *See* Op. at 3 (citing Pavlina Decl).  However,

the Plaintiff still seeks payment of the entire $115,416.00 alleged actual cash value of the Vehicle,

without deduction of the salvage value.  Compl. ¶¶ 12-13, 20-21.

### D.      The Defendant's Motion

The Defendant moves for judgment on the pleadings based upon the Plaintiff's failure to

comply with the Insurance Policy's appraisal provision before filing this action.  Mot. at 1.  In the

alternative, the Defendant moves to compel appraisal and stay the case.  *Id.*

## II.      LEGAL STANDARD

### A.      Motion for Judgment on the Pleadings

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed but within

such time as not to delay the trial, any party may move for judgment on the pleadings."  The legal

Case No.: 12-CV-534-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

**United States District Court**
For the Northern District of California

standard for Rule 12(c) is virtually identical to the standard for a motion to dismiss under Rule 12(b)(6). *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). A motion under either rule tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient, the Court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). However, the Court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp.*, 550 U.S. at 570). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Rule 12(c) of the Federal Rules of Civil Procedure neither expressly provides for, nor bars, partial judgment on the pleadings. It is common to apply Rule 12(c) to individual causes of action. *See Moran v. Peralta Community College Dist.*, 825 F.Supp. 891, 893 (N.D. Cal. 1993). "Courts have discretion to grant leave to amend in conjunction with 12(c) motions, and may dismiss causes of action rather than grant judgment." *Id.*

As with a Rule 12(b)(6) motion to dismiss, a court granting judgment on the pleadings pursuant to Rule 12(c) should grant leave to amend even if no request for leave to amend has been made unless it is clear that amendment would be futile. *Pacific West Group, Inc. v. Real Time Solutions, Inc.*, 321 F. App'x 566, 569 (9th Cir. 2008) (mem.).

### B.      Appraisal and Arbitration

The Defendant moves for judgment on the pleadings, or in the alternative to compel appraisal, based upon the Plaintiff's failure to comply with the Insurance Policy's appraisal provision before filing this action. "It is well settled that an agreement to conduct an appraisal contained in a policy of insurance . . . is considered to be an arbitration agreement subject to the

Case No.: 12-CV-534-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

United States District Court
For the Northern District of California

statutory contractual arbitration law." *Lambert v. Carneghi*, 158 Cal. App. 4th 1120, 1129 (2008) (internal citations and punctuation omitted).

The Federal Arbitration Act ("FAA") provides that a written provision in a "contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "[T]he FAA limits courts' involvement to 'determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'" *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)).

Under the FAA, arbitration agreements must be "rigorously enforced." *Perry v. Thomas*, 482 U.S. 483, 490  (1987).  "[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is a construction of the contract language itself or an allegation of waiver, delay, or like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24–25 (1983).

> The FAA directs courts to stay litigation subject to arbitration:
> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement ...

9 U.S.C. § 3.

However, although the Federal Arbitration Act "provides for a stay pending compliance with a contractual arbitration clause ... a request for a stay is not mandatory." *Martin Marietta Aluminum, Inc. v. Gen. Elec. Co.*, 586 F.2d 143, 147 (9th Cir. 1978).  Instead, a district court may entertain a dismissal motion. *Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).  "Where the claims alleged in a pleading are subject to arbitration, the Court may stay the action pending arbitration or dismiss the action." *Lewis v. UBS Financial Services Inc.*, 818 F.Supp.2d 1161, 1165 (N.D. Cal. 2011).

Case No.: 12-CV-534-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

*United States District Court*
*For the Northern District of California*

United States District Court
For the Northern District of California

III.   **ANALYSIS**

The Defendant moves for judgment on the pleadings on the grounds that the Plaintiff failed to "compl[y] with the appraisal provision of the [Insurance] Policy before filing suit."  Reply at 3. *See also* Mot. at 1.  The Defendant and the Plaintiff agree that the appraisal provision is an arbitration agreement.  *See* Op. at 5 (citing *Lambert v. Carneghi*, 158 Cal. App. 4th 1120, 1129 (2008)).  *See also* Mot. at 1.  The Plaintiff does not contest the validity of the Insurance Policy's appraisal provision.  Instead, the Plaintiff counters that the appraisal provision does not encompass the disputes underlying the Complaint because: (1) the Complaint arises from flaws in the appraisal process, rather than from a mere dispute over the amount of the appraisal; and (2) the Complaint also arises from a dispute over the Plaintiff's right to be paid for the salvage of the Vehicle despite retaining title to Vehicle, a dispute which falls outside the scope of the appraisal provision.

**A.     The appraisal provision encompasses the dispute over the actual cash value of the Vehicle.**

Under the Insurance Policy, a dispute over the Vehicle's actual cash value must be resolved through the appraisal process.  In California, failure to comply with an insurance contract's mandatory appraisal provision constitutes sufficient basis to: (1) dismiss a case; or (2) compel appraisal.  *See Community Assisting Recovery, Inc. v. Aegis Security Insurance Company*, 92 Cal. App. 4th 866, 895 (2001) (sustaining demurrer because the plaintiff had not complied with a fire insurance policy's appraisal provision).  *See also Garner v. State Farm Mutual Automobile Insurance Company*, No. 08-CV-1365-CW, 2008 WL 2620900 at *8 (N.D. Cal., June 30, 2008) (granting motion to compel appraisal because the plaintiff had not complied with an automobile insurance policy's appraisal provision).

However, courts delay compelling arbitration where the plaintiff not only disputes the insurer's valuation, but also seeks declaratory judgment as to the meaning of a statute governing the appraisal process.  *See Doan v. State Farm General Ins. Co.*, 195 Cal.App.4th 1082, 1098 (2011) (citing *Kirkwood v. California State Automobile Assn. Inter-Insurance Bureau*, 193 Cal.App.4th 49, 59-60 (2011)).

Case No.: 12-CV-534-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

The Plaintiff argues that *Kirkwood* and *Doan* apply to this action because the Plaintiff's claims arise from a challenge to the sufficiency of the appraisal process. Specifically, the Plaintiff argues that the Defendant failed to provide the Plaintiff with details regarding the comparison automobiles used as the basis for the Defendant's appraisal. The Plaintiff reasons that without this information the Plaintiff could not evaluate or rebut the Defendant's appraisal. *See* Op. at 3 ("Without such information, [the Plaintiff] had no ability to verify that [the Defendant's] appraisal was based on similar vehicles."); Op. at 4 ("Without . . . this basic vehicle information, [the Plaintiff] had no basis to determine if [the Defendant] was appraising the correct vehicle."); Op. at 5 ("Here, [the Plaintiff] could not begin the appraisal process because [the Defendant] failed to provide basis information to begin the process.").

The Plaintiff's argument misunderstands the appraisal process set forth in the Insurance Policy. It is the umpire, not the Plaintiff, who must evaluate the merits of the Defendant's competing appraisal. The Plaintiff's appraisal is not a rebuttal of the Defendant's appraisal. Instead, under the appraisal provision, each side's appraiser "will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire." Accordingly, the Defendant's alleged failure to prove that its appraisal was based upon automobiles comparable to the Vehicle is an issue that should be resolved by the umpire during the appraisal process.

Furthermore, in contrast to *Doan* and *Kirkwood*, the Plaintiff's Complaint does not seek a declaratory judgment. Nor does the Plaintiff cite any statute applicable to automobile insurance appraisals in his Complaint or his opposition brief, let alone dispute the proper construction of any statute. Instead, the basis of the Complaint is a factual dispute between the Plaintiff and the Defendant regarding the valuation of the Vehicle. Under the Insurance Policy, such a dispute must be resolved through the appraisal process.

### B. Compliance with the appraisal provision is a condition precedent to filing this action.

The plain meaning of the Insurance Policy indicates that compliance with the appraisal provision is a condition precedent to filing any action. Specifically, the Insurance Policy's legal

Case No.: 12-CV-534-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

United States District Court
For the Northern District of California

1   action provision states that "[n]o legal action may be brought against [the Defendant] until there

2   has been full compliance with all the terms of this policy."  One of terms with which the Plaintiff

3   must comply is the appraisal provision.  Accordingly, the Defendant argues that the Plaintiff is

4   barred from pursuing this action because the Plaintiff failed to comply with the appraisal provision.

5   *See* Mot. at 4.

6          The Plaintiff does not directly address the legal action provision's validity.  However, the

7   Plaintiff argues that the appraisal provision does not bar the Plaintiff from bringing an action to

8   resolve issues unrelated to the appraisal process such as the dispute over the Plaintiff's alleged

9   right to recover the Vehicle's salvage value from the Defendant.[1]  Op. at 6.  The Plaintiff cites Cal.

10  Code of Regulations 2695.9(e) which states "[n]othing herein is intended to preclude separate legal

11  proceedings on issues unrelated to the appraisal process."  However, 2695.9 only applies to "first

12  party residential and commercial property insurance," not to automobile insurance.  *Id.*

13  Furthermore, the appraisal process discussed in 2695(e) is the statutory appraisal process set forth

14  in Cal. Insurance Code 2071, which is also not applicable to automobile insurance.  *See* Cal. Code

15  of Regulations 2695.9(e) ("the appraisal process shall not include any legal proceeding or

16  procedure not specified under California Insurance Code Section 2071"); Cal. Insurance Code

17  2071 ("The following is adopted as the standard form of fire insurance policy for this state . . .").

18  Thus, 2695.9 (e) does not invalidate the Insurance Policy's legal action, or limit the scope of barred

19  legal action.

20          Furthermore, the operation of the legal action provision is not inequitable in this case.  The

21  Plaintiff's opposition explains that he "refused to transfer title" to the Vehicle until the Defendant

22  had capitulated to the Plaintiff's demands regarding appraisal.  Op. at 3.  Thus, in the Plaintiff's

23  attempt to gain leverage in the initial dispute over the actual cash value of the Vehicle, the Plaintiff

24  created a secondary dispute over transfer of title to the Vehicle.  The Insurance Policy reasonably

25

26  _____

    [1] The appraisal process cannot resolve the dispute over whether the Defendant must pay the
27  Plaintiff the salvage value of the Vehicle.  Indeed, the Defendant admits that the question of
    whether the Plaintiff was entitled to receive payment for the salvage value of the Vehicle despite
    retaining title to the Vehicle is beyond the scope of the appraisal provision.  *See* Reply at 5-6.

28

9

Case No.: 12-CV-534-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

United States District Court
For the Northern District of California

1    requires the Plaintiff to resolve the initial valuation dispute through appraisal before filing an action

2    regarding the secondary dispute.

3         In sum, the Insurance Policy bars the Plaintiff from pursuing this action against the

4    Defendant while the dispute over the actual cash value of the Vehicle has not been addressed

5    through appraisal.  Therefore, judgment on the pleadings is appropriate in this case.

6         However, the Plaintiff argues that the Court should stay this case pending the appraisal.

7    The Plaintiff argues that if the Court grants judgment on the pleadings, the Plaintiff "may be left

8    with no remedy because the applicable statute of limitations may have run."  Op. at 6.  Whether it

9    would be fair or unfair to bar the Plaintiff from filing a similar action after completing appraisal is

10   a question for tolling doctrine.  The Plaintiff's argument amounts to a request that the Court

11   prematurely adjudicate the potential future issue of tolling.  The Court declines to do so given that

12   the content of any future complaint related to the current action is speculative, and given that

13   neither party has briefed the issue of tolling the statute of limitations.

14        Accordingly, the Court GRANTS the Defendant's motion for judgment on the pleadings,

15   and the Court does not reach the Defendant's alternative motion to stay the case pending appraisal.

16        **C.      The Court grants the Plaintiff leave to amend.**

17        The Court grants leave to amend because amendment is not necessarily futile in this case.

18   The Ninth Circuit has adopted a permissive approach to granting leave to amend, and holds that

19   leave should be granted unless the pleading could not possibly be cured by the allegation of other

20   facts.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  The Court grants judgment on the

21   pleadings because: (1) there is a dispute over the actual cash value of the Vehicle which can be

22   resolved by appraisal; and (2) the Insurance Policy bars the Plaintiff from litigating the actual cash

23   value dispute or the secondary salvage payment dispute until the Plaintiff complies with the

24   appraisal provision.  The Plaintiff's opposition to the Defendant's motion has not alleged any

25   additional facts that would undermine either step of the Court's reasoning if added to a first

26   amended complaint.  However, the purpose of the Plaintiff's opposition was to address the

27   sufficiency of the operative Complaint.  Therefore, the Court does not foreclose the possibility that

28

Case No.: 12-CV-534-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

the Plaintiff could allege additional facts that would undermine the Court's reasoning. Accordingly, the Court GRANTS the Defendant's motion for judgment on the pleadings without prejudice to the Plaintiff.

**IV.      CONCLUSION**

For the aforementioned reasons, the Court GRANTS the Defendant's motion for judgment on the pleadings without prejudice to the Plaintiff.  The Plaintiff may file an amended complaint within 21 days of the date of this Order.  Failure to meet the 21 day deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal with prejudice.  The Plaintiff may not add any new claims or parties without first obtaining leave from the Court or a stipulation from the Defendant.

**IT IS SO ORDERED.**

Dated: November 6, 2012

*Lucy H. Koh*

LUCY H. KOH
United States District Judge

Case No.: 12-CV-534-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS